UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| J.F.B. (XXX-XX-2645) | CIVIL ACTION NO. 11-cv-2029 |
| VERSUS | JUDGE FOOTE |
| U.S. COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Plaintiff was born in 1980, has an 11th-grade education, and has limited experience as a substitute teacher. She applied for supplemental security income based primarily on claims of a seizure disorder and back problems. ALJ Mary Elizabeth Johnson conducted a hearing and issued a written decision that denied the claim. The Appeals Council denied a request for review, making the Commissioner's decision final.

Plaintiff filed this civil action to seek judicial review. She argues on appeal that the ALJ (1) erred in finding that she does not meet listings 11.02 or 11.03, (2) incorrectly found that she responded well to a 2007 back surgery (as evidenced by a recent second surgery), (3) incorrectly found that she has no neurological deficits reflected by motor loss, reflex loss, or sensory loss, and (4) erred in finding she could work when her testimony and medical evidence showed she could not perform any available jobs. Within the context of the first and fourth errors, Plaintiff argues that the ALJ did not properly take into consideration side effects from her medications. The undersigned agrees with respect to that issue and, for the

reasons that follow, recommends the Commissioner's decision be reversed and remanded for further proceedings.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff testified that she rode home from a horse riding arena in the back of a pickup truck that was pulling a horse trailer. When the truck stopped near home, Plaintiff started to step out of the back of the truck to open a gate. The driver did not realize that Plaintiff was stepping out, and he "gunned the truck" to get over a hill, which caused Plaintiff to fall and hit her head on the trailer hitch. It knocked her out, and the trailer then ran over her legs and feet. She was airlifted for emergency medical care. Tr. 50.

Plaintiff testified that she later began to suffer petit mal seizures where she would just sit and lose track of time. She later began to have grand mal seizures. She said that others told her that, during her grand mal seizures, she looked like a fish out of water; the seizures

also caused a loss of bladder control. Plaintiff claimed to experience five to nine grand mal seizures every week, plus several petit mal seizures. Tr. 52-53. She testified that she had suffered injuries, including a broken wrist and injured ankle, during the seizures. Tr. 53.

Plaintiff had surgery in July 2007 to repair a herniated disc. Dr. Ramos, the surgeon, wrote in April 2008 that Plaintiff continued to experience pain but showed improvement after epidural steroid injections. Tr. 286-301. This evidence was before the ALJ. Dr. Ramos performed a second surgery on Plaintiff's back in February 2011, after the ALJ's decision, to address a large herniated nucleus pulposus at L4 - L5. Several months later, in September 2011, Plaintiff's counsel sent a letter to the Appeals Council and asked it to consider the new evidence. The Appeals Council denied a request for review a few days after the date of the letter, but before the additional evidence was incorporated into the record. See Tr. 2, 4, and exhibits to Plaintiff's Memorandum at Doc. 9.

The regulations require the Commissioner to consider the "type, dosage, effectiveness, and side effects of any medication [the claimant] take [s] or ha[s] taken to alleviate [the claimant's] pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(IV). See Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir.1999). Limitations caused by side effects must be taken into consideration when determining whether a claimant is disabled. The absence of a direct discussion of a claim of drowsiness or other side effect, which could be a significant non-exertional impairment, may deprive the agency decision of substantial evidence to support it and preclude an informed appellate review. C.A.B. v. Astrue, 2009 WL 3156544 (W.D. La. 2009). See also Clay v. Commissioner, 2009 WL 5195943 (W.D. La. 2009)("[W]hen

a claimant complains of medication side effects, and the ALJ fails to evaluate those side effects and their impact on the claimant's residual functional capacity, the ALJ commits error.").

Plaintiff takes a long list of medications for her back pain, seizures, and other health problems. She testified:

> I have to take my medicine three times a day, and about 30 minutes after I take my medicine I generally get really sleepy. So for a little while after I take my medicine I have to lay down because I get really groggy feeling ... so I lay down anywhere from 30 minutes to an hour, until that feeling gets a little less heavy.

Plaintiff said that after such a rest, she is able to do some light housework such as hand washing dishes or picking up laundry. Tr. 48. Plaintiff later testified that her back problem requires her to lie down more than three hours during a work day, and that would be in addition to the 30 minutes or so she needs to lie down after taking her medications. Tr. 56-7. Her counsel asked her if her medicines also made her dizzy and nauseous, and she agreed. Tr. 59.

Dr. Larry Flake, Plaintiff's treating physician, wrote that she "does some better on medications but side effects of medication are sleepiness and drowsiness." He stated that medication prescribed by pain management had worsened those side effects, so the medications had to be reduced for better tolerability with less sedation. Dr. Flake wrote that Plaintiff was unable to perform routine daily chores after taking the medication, could do chores for only 30 to 45 minutes at a time, and "she sleeps off the side effects of the medicine after every dose during the day." He concluded that, because the dosing occurred three times

a day, Plaintiff was not able to work all day. Tr. 302. A vocational expert testified at the hearing that if a person had to lie down more than the normal lunch break and two 15-minute breaks in a day, it would eliminate all employment that is available in substantial numbers. Tr. 67.

The ALJ, in assessing Plaintiff's residual functional capacity ("RFC"), summarized the medical evidence and testimony. Side effects were mentioned only twice. The first was when the ALJ was discussing the severity of Plaintiff's seizure disorder. She wrote that there was no substantial evidence of certain complications of severe seizures, one of which was "significant side effects from medications." No explanation was given for that particular conclusion. The second mention of side effects was in a discussion of Plaintiff's diagnosis of depression/anxiety, where the ALJ said there was no evidence of worsening symptoms and no indication of adverse medication side effects. Tr. 19. Accordingly, the ALJ's decision does not include any specific discussion of whether she found the side effects described at the hearing to be credible.

The undersigned has ordered or recommended reversal and remand in similar cases where there was direct testimony of side effects that would affect the RFC but the ALJ did not address the credibility of those claims in the decision. See e.g., T.H.M v. Commissioner, 11 CV 1832; W.A.D. v. Commissioner, 2012 WL 4464610 (W.D. La. 2012); K.K.G. v. Commissioner, 2011 WL 693602 (W.D. La. 2011); U.M. v. Commissioner, 2011 WL 705167 (W.D. La. 2011); and C.A.B. v. Astrue, 2009 WL 3156544 (W.D. La. 2009). The Commissioner argues that remand is not necessary because Plaintiff relies primarily on her

subjective testimony, and Dr. Flake's statement in his report is not backed by evidence that Plaintiff complained to Dr. Flake of those side effects. Similar arguments have been made in other cases that there must be objective evidence or other corroboration to warrant such a remand.

The claimant in Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir.1999) testified at his hearing that his prescribed medications caused nausea, dizziness, and sore throat. He also said that he had difficulty maintaining his blood sugar, which caused side effects including diminished coherence. The ALJ's written decision acknowledged that the claimant took prescription medication for neuropathy and OTC medications for back pain, but said incorrectly that the claimant reported no adverse side effects. The Fifth Circuit noted the claimant's testimony and, without reference to any medical findings, said that the Commissioner's conclusion that the claimant suffered from no adverse side effects was in error. Remand to the agency was ordered. Crowley, 197 F.3d at 199. There was no mention of objective evidence to support the claimant's testimony about side effects or any requirement of the same.

A lack of contemporaneous complaints or objective evidence of side effects would certainly be factors in the assessment of the credibility of a claimant's claim of side effects, but when there is no such assessment by the ALJ the court may not make credibility determinations in the first instance. There was direct testimony by Plaintiff that she experienced side effects that would prevent her from performing any of the jobs identified by the vocational expert. An ALJ need not discuss every piece of evidence in the record, but

she may not ignore a significant line of evidence that is in contradiction to her findings and that could reasonably cast doubt on the result. Rey v. Commissioner, 2009 WL 249702, *2 (W.D. La. 2009). The absence of discussion of the side effects warrants reversal and remand, where the Agency and Plaintiff can further explore and specifically address the claimed side effects.  The Agency will also be able to further address Plaintiff's arguments that she meets listings 11.02 and 11.03 and the effect, if any, of the more recent medical evidence that neither the ALJ nor Appeals Council were able to consider.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner for further proceedings.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of February, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE